# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAMIH OMAR, ) | CASE NO. 1:06 cv 2750 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE OLIVER |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| MICHAEL CHERTOFF, Secretary ) | |
| Department of Homeland Security, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |

On November 27, 2007, Plaintiff Samih Omar moved to seal the record without a brief in support.  (Doc. No. 29.)  Pursuant to court order, on April 12, 2010, Omar filed a brief in support of this motion.  (Doc. No. 53.)  On April 30, 2010, Defendants filed a response in opposition to this motion.  (Doc. No. 54.)  This matter was referred to the Undersigned on March 1, 2010.  (Doc. No. 47.)  For the reasons stated below, Omar's motion to seal the record (Doc. No. 29)  is DENIED.

**I.   Background**

On November 14, 2006, Omar filed the instant action that seeks (1) a court order directing USCIS to produce documentation relating to his naturalization applications,

1

and (2) adjudication of his application for naturalization. (Doc. No. 1.) Omar now moves for an order to seal the entire record or, in the alternative, to redact parts of the decisions denying his naturalization applications issued by the United States Citizenship and Immigration Services ("USCIS") that discuss his membership with the Palestine Liberation Organization ("PLO"). Defendants oppose the motion asserting that Omar has failed to demonstrate that his right to privacy outweighs the right of the public to access this information.

**II.     Analysis**

United States courts have been presumptively open to access by the public. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178-79 (6th Cir. 1983). Trial courts have supervisory power over their records and files, which includes sealing them when interests of privacy outweigh the public's right of access to the information. *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). However, this power is limited by Rule 26(c)(1) of the Federal Rules of Civil Procedure, which requires "good cause" for filing information under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

Omar asserts that the record should be sealed either in whole or in part because the fact that he was a member of the PLO was revealed originally in his application for asylum and information relating to his asylum application and proceedings may not be disclosed without his written consent pursuant to 8 C.F.R. § 208.6.

Omar is correct that information that forms the record of an asylum proceeding is barred from disclosure to third parties without the consent of the asylum applicant. 8

2

C.F.R. § 208.6.[1] However, as the Defendants note, Omar later disclosed his PLO membership in writing to the USCIS in his naturalization application currently at issue. (*See* Doc. No. 54, Ex. A., July 15, 2009 Application for Naturalization.) In addition, Omar disclosed this same information in writing to the USCIS when he filed an application for an adjustment of status. (*See* Doc. No. 28, Ex. E.) Both applications were separate and apart from Omar's application for asylum and neither is protected by the non-disclosure requirements of 8 C.F.R. § 208.6. As Omar chose to disclose this information to the USCIS outside the protections of asylum proceedings, he cannot use 8 C.F.R. § 208.6 as a shield now.

Moreover, Omar's assertion that the public disclosure of his former PLO membership raises the "possibility of harm" simply is not a "compelling reason" for sealing a public record. *See In re Knoxville News Sentinel*, 723 F.2d at 476 ("only the most compelling reasons can justify non-disclosure of judicial records"). Omar provides neither logical reasoning nor factual support for this bald assertion. Omar does not indicate who would potentially cause him harm or why they would do so. Omar provides no affidavit or any other evidence that would support his claim. In fact the absence of evidence appears to disprove Omar's argument. As noted by Defendants, Omar's membership in the PLO has been a matter of public record for the last two and

---

[1]This regulation provides in pertinent part:

(a) Information contained in or pertaining to any asylum application, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General.

a half years,[2] yet Omar has not indicated that he has been subject to harm or threats of harm as a result. In light of the lack of factual support for his claim that public disclosure of his PLO membership will possibly cause him harm, Omar has simply not fulfilled his burden of demonstrating that his right of privacy outweighs the public's right to access the information. *See Ashworth v. Bagley*, 351 F.Supp.2d 786, 792 (S.D. Ohio 2005) ("the party that wants to deny access bears the burden that justice requires" that the record be sealed).

### III. Conclusion

For the reasons stated above, Omar's motion to seal the record (Doc. No. 29) is DENIED. Furthermore, the Clerk is directed to unseal the briefs in support and opposition to this motion (Doc. Nos. 53 and 54), which were previously filed under seal.

IT IS SO ORDERED.


Date: May 21, 2010                    s/ *Nancy A. Vecchiarelli*
                                       U.S. Magistrate Judge

---

[2]Defendants revealed Omar's prior PLO membership by attaching a copy of his application for adjustment of status and hearing decisions referencing Omar's PLO membership to the Motion for Summary Judgment, filed on November 19, 2007. (Doc. No. 28, Exs. E, P, and Q.) On November 27, 2007, Omar filed a motion to seal the record, but did not specify the basis for sealing the record. Two and half years later, the matter was referred to the Undersigned, who subsequently directed the parties to brief this matter. (Doc Nos. 47 and 51.) In his supporting brief, Omar finally revealed that the basis for his motion to seal the record was due to the fact that it reveal his past PLO membership.

4